STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of David Cole        }
                                }
                                }    Docket No. 174-10-01 Vtec
                                }
                                }

## Decision and Order on Pending Motions

In this appeal, Mr. Cole and Mr. Sherwin represent themselves; Appellee-Applicant General Land Co. (A.James Grace) is represented by John S. Liccardi, Esq.; and the Town has not entered an appearance.

The history and development of this case reflects a great deal of confusion on the part of Appellant Cole as to the procedural requirements of the orders in the case. However, when given the opportunity by this Court's July 16, 2002 entry order to add issues to his Statement of Questions, Mr. Cole did so by his July 29, 2002[1] " motion to deny the subdivision because the requirements of Section 2.02 of the Subdivision Regulations have not been satisfied." Under V.R.C.P. 1, the fact that he did not caption it as a motion to amend his Statement of Questions should not be held against him, as its content is perfectly clear. Accordingly, we will treat that motion as a request to add the issue to the statement of questions; that request is GRANTED.

As stated in the July 16, 2002 order, the appeal has returned to the point immediately after Mr. Cole's filing on March 28, 2002 of a motion to reconsider Judge Norton's March 22, 2002 decision on Appellee-Applicant's Motion to Dismiss Questions 1, 2, 3, 4, and 7 and for summary judgment on Questions 5 and 6. Judge Wright now has the task of ruling on the motion to reconsider.

Mr. Cole did not request reconsideration of the March 22, 2002 decision regarding Questions 6 and 7 of his Statement of Questions; those questions remain dismissed.

Mr. Cole requested reconsideration of the March 22, 2002 decision regarding Question 5 of his Statement of Questions, regarding Mr. King's conflict of interest. However, in response to the Court's July 16, 2002 order, Mr. Cole did not provide any argument regarding whether the disqualification of Mr. King would have changed the result before the Planning Commission, and did not request that the matter be sent back to be voted on again by the Planning Commission without Mr. King's participation. The request for reconsideration of the dismissal of Question 5 is therefore DENIED; Mr. Cole did not present enough support for this allegation to create an issue for trial, nor did he show how Mr. King's disqualification would affect the issues to be heard de novo before the Court.

Mr. Cole did not request reconsideration of the March 22, 2002 decision regarding Questions 1 through 4 of his Statement of Questions to the extent those questions require a resolution of property rights as between the parties. Those questions remain dismissed.

Therefore, the only issue remaining for resolution in this appeal is the question of whether Appellee-Applicant's subdivision application satisfies § 2.02, requiring access by a right-of-way at least 20 feet in width. We will schedule a half-day trial (sometimes also called an evidentiary hearing) in Manchester to hear the merits of the subdivision application with respect to that question. Please advise the Court in writing on or before September 27, 2002, whether a half-day will be sufficient, and whether there are any dates in November or December unavailable in your schedule for that hearing.

At that hearing, we will return to Mr. Cole the envelope of materials and the videotape he submitted in connection with his July 29, 2002 filings, so that he may use them at the trial. They may or may not be admissible in evidence on the remaining issue; we will make all such evidentiary rulings at the trial. However, please note for that hearing that this Court does not have jurisdiction to determine conclusively the existence, width or other attributes of the right-of-way, or to resolve the priority or accuracy of the various deeds or surveys. If the parties wish a court to do so, they will need to file a quiet title action in superior court. This court will simply take evidence on and determine whether Appellee-Applicant has demonstrated compliance with § 2.02 of the Subdivision Regulations that there is access to the subdivision parcel via a right-of-way at least twenty feet in width. Appellee-Applicant should note that the burden of proof is on the Applicant to show compliance with any such element of the regulations, even though it may be another party who has brought the appeal into court.

Done at Barre, Vermont, this 16th day of September, 2002.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    Mr. Cole's other 'motion' filed July 29, 2002 to set aside the Planning Commission approval of the subdivision, essentially restates the relief requested by his filing of his original

notice of appeal, and will not be treated as a motion requiring a ruling in advance of the hearing on the merits.